IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEVIN BRANDIS PUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 2:25-cv-33-ECM-JTA |
| ALPHABET INC., | ) | (WO) |
| | ) | |
| Defendant. | ) | |

# **ORDER**

Before the court is the motion for appointment of counsel filed by *pro se* Plaintiff Devin Pugh on March 24, 2025. (Doc. No. 17.) For the reasons stated below, the motion is due to be denied.

## I. DISCUSSION

Plaintiff moves for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Section 1915(e)(1) states: "The court may request an attorney to represent any person unable to afford counsel." Plaintiff presents no evidence[1] he is "unable to afford counsel." 28 U.S.C. § 1915(e)(1). He offers only an allegation he "ha[s] been granted *in forma pauperis*." (Doc. No. 17 at 1 (sic).) He is incorrect. To date, Plaintiff has not successfully

---

[1] In his present motion, Plaintiff does not cite or rely on the sworn statements in his previously-denied Application for Leave to Proceed In District Court without Prepaying Fees or Costs. (Doc. No. 8.) That motion was denied for multiple reasons, including an internal inconsistency that made it unclear whether the affidavit fully represents Plaintiff's assets. (Doc. No. 9 at 2.)

1

filed a motion for leave to proceed *in forma pauperis* in this action despite being ordered to do so or pay the filing fee. (*See* Docs. No. 6, 9.)

Further, "appointment of counsel in a civil case is not a constitutional right" and is granted only in "exceptional circumstances." *Norrell v. Phenix City Pub. Transportation (PEX)*, No. 3:24-CV-411-RAH-JTA, 2024 WL 4759771, at *2 (M.D. Ala. Nov. 12, 2024) (citiations and internal quotation marks omitted). Plaintiff has not demonstrated exceptional circumstances. He mentions he is "disabl[ed]," but he does not state how that disability affects his ability to represent himself. (Doc. No. 17 at 1.) He states he "lacks legal training." (*Id*.) Lack of legal training is a characteristic of all *pro se* plaintiffs, not an exceptional circumstance. Plaintiff also makes the bare allegation this case presents "complex legal issues." (*Id*.) He does not identify those complex issues or explain why they are complex enough to necessitate appointment of counsel. On its face, "[t]his case does not appear more complex than most civil rights cases litigated by [plaintiffs] who are untrained in the law and have limited resources available to them." *Norrell*, 2024 WL 4759771, at *2 (quoting *Hill v. Prock*, No. 3:22-CV-866-BJD-PDB, 2024 WL 4008106, at *2 (M.D. Fla. Aug. 30, 2024)).

As Plaintiff has previously been advised, he must comply with the Federal Rules of Civil Procedure. (*See* Doc. No. 15.) That includes Rule 5 of the Federal Rules of Civil Procedure, which requires a certificate of service to be filed with all motions, pleadings, and other papers nonelectronically filed with the court. Fed. R. Civ. P. 5(a)(1)(D), (d)(1)(B)(i). Plaintiff's motion lacks a certificate of service. **Going forward, the court**

2

**may strike documents for repeated failure to include a certificate of service and failure to comply with this order**.

## II.  CONCLUSION

Accordingly, it is ORDERED that the motion for appointment of counsel (Doc. No. 17) is DENIED.

DONE this 31st day of March, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE